# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL 1999 SESSION

FILED

June 4, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| LEONARD LEBRON ROSS, | ) | |
| | ) | **NO. 03C01-9802-CR-00077** |
| Appellant, | ) | |
| | ) | **HAMILTON COUNTY** |
| VS. | ) | |
| | ) | **HON. STEPHEN M. BEVIL,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**JOHN A. SHOAF III**
735 Broad Street, Suite 606
Chattanooga, TN 37402-1804

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM H. COX III**
District Attorney General

**MARK A. HOOTON**
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner appeals the denial of his petition for post-conviction relief. A Hamilton County jury found him guilty of burglary, attempted second degree murder, and especially aggravated robbery. The trial court sentenced petitioner to an effective sentence of thirty-five years. Petitioner now claims he received ineffective assistance of counsel.[1] Upon a complete review of the record, we conclude the evidence does not preponderate against the post-conviction court's findings that counsel was effective. Thus, we AFFIRM the dismissal of the petition.

## I. PROCEDURAL HISTORY

In October 1993, petitioner went to trial and was convicted of especially aggravated robbery, attempted second degree murder, and burglary. Petitioner received sentences of twenty-two, ten, and three years, respectively. The trial court ordered all sentences to run consecutively for an effective term of thirty-five years.

On direct appeal, a panel of this Court affirmed the convictions and sentences imposed by the trial court. *See* State v. Leonard Lebron Ross, C.C.A. No. 03C01-9404-CR-00153, Hamilton County (Tenn. Crim. App. filed June 15, 1995, at Knoxville). The Tennessee Supreme Court granted permission to appeal and remanded the cause to this Court for reconsideration of sentencing in light of State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). Upon remand, this Court again affirmed the trial court's sentencing decision. State v. Leonard Lebron Ross, C.C.A. No. 03C01-9404-CR-00153, Hamilton County (Tenn. Crim. App. filed April 10, 1996, refiled August 15, 1996, at Knoxville).

_____

[1]Petitioner's brief combines a statement of facts and issues within which it identifies numerous issues for appeal. However, the majority of the allegations constitute sub-parts to a claim of ineffective assistance of counsel.

On July 1, 1996, petitioner filed a *pro se* petition for post-conviction relief primarily alleging ineffective assistance of counsel both at trial and on appeal. After an evidentiary hearing, the post-conviction court found the allegations to be without merit and entered an order denying post-conviction relief. This appeal followed.

## II. FACTS

### A. Trial

At trial, the state presented evidence that petitioner and two co-defendants entered the home of Mary Sanders, a seventy-nine year old great-grandmother, beat her with a hammer, and robbed her of her television in order to buy crack cocaine. The physical evidence placing petitioner at the scene was a latent fingerprint on a watch case in the victim's bedroom. Furthermore, the co-defendants testified against petitioner.

### B. Post-Conviction

Petitioner's brief presents numerous allegations in support of his claim for post-conviction relief. Most of those allegations relate to ineffective assistance of counsel, and can be consolidated into the following:

(1)     Trial counsel failed to produce expert testimony relating to the accuracy of latent fingerprints, or to introduce other testimony showing petitioner had been in the victim's residence many times;

(2)     Trial counsel failed to obtain information from the state regarding petitioner's statements to law enforcement;

(3)     Trial counsel failed to object to the repetitive examination of certain witnesses;

(4)     Trial counsel failed to object to co-defendant Owens' speculation about petitioner's motive for handing her a pillow;

(5)     Trial counsel failed to emphasize in closing argument that co-defendant Owens was an admitted liar;

(6)     Trial counsel failed to object to the assistant district attorney's use of overly-inflammatory statements in closing argument;

(7)     Trial counsel failed to file a petition for re-hearing regarding this Court's opinion on direct appeal;

3

(8)     Trial counsel failed to challenge the trial court's denial of a continuance in his motion for new trial;

(9)     Trial counsel failed to interview petitioner's co-defendants in anticipation that they might testify against petitioner;

(10)    Trial counsel failed to attack the state's failure to arraign petitioner within seventy-two hours of his arrest; and

(11)    Trial counsel failed to offer individualized instructions concerning non-statutory mitigating circumstances.

Allegations relating to previously determined issues include:

(1)     The trial court erred by admitting petitioner's first statement into evidence;

(2)     The trial court erred by its imposition of consecutive sentences; and

(3)     The trial court erred by its imposition of a greater effective sentence than received by co-defendant Owens who actually hit the victim in the head with a hammer.

The post-conviction court conducted an evidentiary hearing and received testimony from petitioner and trial counsel. Petitioner generally testified that he did not believe he was proven guilty and complained that trial counsel failed to protect his constitutional rights. Petitioner complained that counsel failed to point out inconsistency in the proof and to emphasize the co-defendants' conflicting stories.

Trial counsel was an experienced criminal defense attorney. His recollection of trial preparation in this case included several meetings with petitioner and petitioner's active participation in the tactical, decision-making process.

Counsel obtained the preliminary hearing transcript, information about or copies of petitioner's statements to investigators, and talked to the district attorney regarding the fingerprint evidence which put petitioner in the victim's home. In general, he assured that the evidence was proper and filed an unsuccessful motion to suppress the statements petitioner gave to police.

4

According to trial counsel, there were a number of possible defenses based upon what petitioner told him happened that night. He reviewed each with petitioner and let petitioner make the final decision regarding which to use at trial.[2] However, the co-defendants' testimony against petitioner completely controverted his claim that he went back to the house to help the victim after co-defendant Owens committed the offenses.

The post-conviction court determined that the petitioner failed to prove his allegations and entered an order of dismissal.

## IV. STANDARDS OF REVIEW

### A. Post-Conviction

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996).

### B. Ineffective Assistance of Counsel

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive

---

[2]According to trial counsel, an alibi defense was not presented because petitioner admitted being in the victim's home the morning of the crimes. Furthermore, this admission negated the need to present testimony challenging the fingerprint or explaining its presence.

him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler, 789 S.W.2d at 899.

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Alley, 958 S.W.2d at 149; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688, 104 S.Ct. at 2065; Henley, 960 S.W.2d at 579; Goad, 938 S.W.2d at 369.

## V. DISPOSITION OF PETITIONER'S CLAIMS

We begin by noting the three allegations relating to errors by the trial court have been previously determined by this Court on direct appeal. *See* State v. Leonard Lebron Ross, C.C.A. No. 03C01-9404-CR-00153, Hamilton County (Tenn. Crim. App. filed April 10, 1996, refiled August 15, 1996, at Knoxville). They may not be re-visited in a post-conviction proceeding. Tenn. Code Ann. § 40-30-206(h).

We now address each of the other eleven allegations raised with regard to ineffective assistance of counsel:

**(1)**

Petitioner contends trial counsel should have presented expert testimony to challenge the accuracy of latent fingerprints, or testimony which offered an alternative explanation for the presence of his fingerprint in the victim's home. In his statement to law enforcement the petitioner said he went in the house after a co-

6

defendant committed the crimes. Under these circumstances, there was no need to challenge the accuracy of the fingerprint or offer further evidence explaining the fingerprint. This issue is without merit.

**(2)**

Petitioner claims trial counsel failed to obtain information regarding his statements to the police. However, trial counsel testified he knew about the statements and filed a motion to suppress. Thus, this issue is without merit.

**(3)**

Petitioner argues that trial counsel was deficient for failing to object to repetitive questioning of witnesses. Trial counsel testified he did not object unless or until such questioning became excessive. Petitioner has failed to show what benefit would be derived from such objection, or what prejudice was suffered by such failure. This issue is without merit.

**(4)**

Petitioner contends trial counsel was deficient for failing to object to speculation by co-defendant Owens regarding the pillow petitioner handed her to smother the victim. At the evidentiary hearing, trial counsel offered a tactical explanation for not making an objection. Furthermore, petitioner has failed to show that such objection would have been sustained by the trial court. This issue is without merit.

**(5)**

Petitioner claims trial counsel should have emphasized co-defendant Owens' untruthfulness to police. Petitioner has failed to show a reasonable probability that emphasizing this in counsel's closing argument would have changed the outcome of the proceeding. This issue is without merit.

7

**(6)**

Petitioner charges trial counsel with failure to object to the state's use of overly-inflammatory statements in its closing argument. Petitioner has failed to demonstrate any prejudice as a result of the comments. This issue is without merit.

**(7)**

Petitioner claims that trial counsel was deficient for not filing a petition to re-hear regarding this Court's opinion issued in April 1996. There is no requirement that appellate counsel file such a motion upon an adverse decision by this Court. Furthermore, there has been no showing that such a petition would likely have been granted. This issue is without merit.

**(8)**

Petitioner claims that trial counsel failed to challenge the trial court's denial of a continuance after the state added petitioner's co-defendants as witnesses on the morning of trial. While it is true that trial counsel did not raise the issue in his motion for new trial, it was raised on appeal and determined on the merits by this Court. Clearly, counsel's failure did not prejudice petitioner. This issue is without merit.

**(9)**

Petitioner further contends that trial counsel failed to interview the co-defendants in anticipation of their testimony against petitioner at trial. Trial counsel was given a full opportunity to cross-examine the co-defendants at trial. Furthermore, petitioner has failed to produce evidence showing that such interviews would have changed counsel's strategy at trial, or changed the outcome. This issue is without merit.

**(10)**

8

Petitioner charges trial counsel should have attacked the state's failure to arraign petitioner within seventy-two hours of his arrest. This issue was not pursued at the post-conviction hearing. The record before this Court does not establish any deficiency by trial counsel in this regard. This issue is without merit.

**(11)**

Petitioner challenges trial counsel's failure to offer individualized instructions concerning non-statutory mitigating circumstances. This allegation relates to the presentation of mitigating circumstances in the penalty phase of a first degree murder trial where the jury determines the sentence. It has no application to the case at bar. This issue is without merit.

**VI. CONCLUSION**

Petitioner has failed to demonstrate that any of the alleged deficiencies caused him prejudice; nor does the record preponderate against the post-conviction court's findings that trial counsel in this case was effective. Based upon the foregoing, we AFFIRM the judgment of the court below.

_____
**JOE G. RILEY, JUDGE**

9

**CONCUR:**

_____
**JERRY L. SMITH, JUDGE**

_____
**NORMA McGEE OGLE, JUDGE**